## THE R. G. BENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 57312, 59796. Promulgated October 26, 1932.

*Dennis P. O'Connor*, *Esq.*, and *A. F. Hall*, *C. P. A.*, for the petitioner.

*James K. Polk, Jr.*, *Esq.*, and *Harold F. Noneman*, *Esq.*, for the respondent.

**1372**

OPINION.

SMITH: The respondent's contentions in these proceedings are that the petitioner kept its books upon the straight accrual basis; that under such method of bookkeeping the earned profits on the uncompleted contracts at the end of each year constituted items of accrued income of that year; that the petitioner did not have any "long-term contracts" as defined in article 334 of Regulations 74, and that the petitioner is not entitled under the regulations to report its income on the so-called long-term contract basis, but must report on the straight accrual basis, in accordance with the method of bookkeeping regularly employed by it.

The pertinent provisions of the Revenue Act of 1928 and of the Commissioner's regulations are as follows:

SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period.

[Art. 334, Regulations 74.] *Long-term contracts.*—Income from long-term contracts is taxable for the period in which the income is determined, such determination depending upon the nature and terms of the particular contract. As used herein the term "long-term contracts" means building, installation, or construction contracts covering a period in excess of one year. Persons whose income is derived in whole or in part from such contracts may, as to such income, prepare their returns upon the following bases:

(*a*) Gross income derived from such contracts may be reported upon the basis of percentage of completion. In such case there should accompany the return certificates of architects or engineers showing the percentage of completion during the taxable year of the entire work to be performed under the contract. There should be deducted from such gross income all expenditures made during the taxable year on account of the contract, account being taken of the material and supplies on hand at the beginning and end of the taxable period for use in connection with the work under the contract but not yet so applied. If, upon completion of a contract, it is found that the taxable net income arising thereunder has not been clearly reflected for any year or years, the Commissioner may permit or require an amended return.

(*b*) Gross income may be reported in the taxable year in which the contract is finally completed and accepted if the taxpayer elects as a consistent practice so to treat such income, provided such method clearly reflects the net income. If this method is adopted there should be deducted from gross income all expenditures during the life of the contract which are properly allocated thereto, taking into consideration any material and supplies charged to the work under the contract but remaining on hand at the time of completion.

Where a taxpayer has filed his return in accordance with the method of accounting regularly employed by him in keeping his books and such method clearly reflects the income, he will not be required to change to either of the methods above set forth. If a taxpayer desires to change his method of accounting in accordance with paragraphs (*a*) and (*b*) of this article, a statement showing the composition of all items appearing upon his balance sheet and used in connection with the method of accounting formerly employed by him, should accompany his return.

The evidence shows, and we have found as a fact, that at the end of each of the years 1928 and 1929 the petitioner had several uncompleted contracts which covered a period of more than one year and which were therefore "long-term contracts" within the meaning of the regulations. The petitioner was therefore entitled under the regulations to report the income from all of its contracts either upon the basis of percentage of completion in each year (art. 334 (*a*)), or to report all of the income from each contract in the year when the contract was completed (art. 334 (*b*)). The petitioner chose the latter method and reported in its returns for each of the years 1928 and 1929 the actual profits on contracts substantially completed within the taxable year.

Article 334 of Regulations 74, quoted in full above, gives the taxpayer the option of *preparing its returns* upon the so-called completed-contract basis. It imposes no condition except that the method of reporting shall clearly reflect the true net income. It makes no

mention of bookkeeping methods except to provide that, "Where a taxpayer has filed his return in accordance with the method of accounting regularly employed by him in keeping his books and such method clearly reflects the income, he will not be required to change to either of the methods above set forth. * * *"

We see no reason why, as a general proposition, the use of the accrual method of keeping the books should be said to preclude the use of the long-term contract method of reporting income as provided in article 334. In *Bent* v. *Commissioner*, 56 Fed. (2d) 99; affirming *H. Stanley Bent*, 19 B. T. A. 181, the court said:

* * * In the choice of the accrual or cash basis method of accounting, the matter is left to the discretion of the taxpayer regardless of the actual effect upon the amount of the tax, and there seems no good reason why in the special cases of long term contracts the taxpayer should not have the right to suspend in the job account both expenses and receipts until it is ascertained whether on the whole job there has been a profit or loss. That was done by the taxpayer in this case. * * *

It seems to us that under the law and the regulations the method regularly employed in making the returns is a more important consideration than the method of keeping the books, and that where a taxpayer has for any year filed a return, consistent with its method in prior years, which clearly reflects its net income as readily ascertainable from its books and records, it should neither be required nor permitted to change the return to show a different taxable income computed by some other method which is said more nearly to conform to the book income.

The facts in the instant proceedings are similar to those in *H. Stanley Bent*, *supra*, where we refused to permit the taxpayer to change his returns, in which he had reported his income upon the accrual basis, to a completed-contract basis. To the same effect is *James C. Ellis*, 16 B. T. A. 1225. We found in the *H. Stanley Bent* case, though not in the *Ellis* case, that the returns were prepared strictly in accordance with the method of bookkeeping employed by the taxpayer, which is perhaps not the situation in the instant case, since the income shown on the return was not the same as that shown in the closing journal entries, but it appears nevertheless that the returns were prepared in accordance with the final and correct general ledger entries. It is apparent that the net income as reported in the returns was readily ascertainable from the figures contained in the petitioner's books and in our opinion there was a substantial conformity in the method of keeping the books and making the returns.

It further appears that there was a considerable variance in many of the contracts between the estimated profit, which was com-

puted monthly and carried to the closing profit and loss statement, and the actual profit as determined upon final completion of the contracts. We held in *Tillman, Admr.*, 10 B. T. A. 4, that where accounts are so kept that taxable income can be accurately computed on the accrual basis and can not be estimated on the installment basis, the accrual and not the installment basis should be used. The situation here is parallel. The petitioner's accounts were so kept that its income could be accurately computed upon the completed-contract basis and only estimated inaccurately upon the accrual basis.

Upon the facts before us we would feel compelled to deny the petitioner's contention, if made, for the right to change its return from the completed-contract to the accrual basis. Likewise, we are of the opinion that the respondent is in error in his requirement that the petitioner's returns should be so changed.

*Judgment will be entered under Rule 50.*